BLEUMEL ET AL. *v.* STATE EX REL. STRUCKMAN.

[No. 26,062. Filed November 18, 1935.]

*W. E. Cox*, for appellants.

*E. W. Wood,* for appellee.

HUGHES, J.—This is an action by the state of Indiana on the relation of William E. Struckman against appellants, members of the Dubois County Council, for a writ of mandate to compel them to appropriate county funds for the Dubois County Agricultural Association upon a petition signed by more than twenty-five resident freeholders of Dubois county, and representing a majority of the townships of said county of Dubois.

The assignment of errors is as follows:

(1) The court erred in overruling the demurrer of appellant to the complaint of appellee;

(2) The court erred in overruling the appellant's motion for a new trial.

The motion for a new trial is based upon the proposition that the finding of the court is not sustained by sufficient evidence and that it is contrary to law.

The complaint is predicated upon Section 3541, Burns Supp. 1929, §15-317, Burns 1933, §3597, Baldwin's 1934, as it then stood, said section having been amended since the filing of the complaint. Said section is as follows:

"3541. FAIR ASSOCIATIONS—COUNTY AID FOR CERTAIN PURPOSES.—1. The county councils and boards of county commissioners of all counties in the State of Indiana may, on their own initiative, and shall, upon petition of twenty-five or more citizens who are also freeholders resident in each of a majority of the townships of the county, appropriate and pay to any agricultural fair or association, in which the people of such county are interested, a sum not exceeding the amount requested in such petition, if a petition be filed, and in no case exceeding one cent on the one hundred dollars valuation of the taxable property of such county, to be paid out of the general county fund, to be used and expended only for premiums on agricultural and horticultural products, live stock, boys' and girls' club work and the judging of such products, stock and club work: Provided, That the same shall not apply to any person, association or corporation conducting such fair or exhibition for gain, nor to

street fairs or exhibitions, but only to regularly organized fair associations, but such fair or exhibition must be given only for the promotion of the interests of agriculture, horticulture and stock raising: Provided, further, That no part of such money shall be used or given for contests of speed."

The complaint, among other things, alleged that the relator and sixty-one other citizens, freeholders, and voters of Dubois County, Indiana, representing more than a majority of the townships of said county, and who were actively interested in the encouragement of agriculture, horticulture, live stock, boys' and girls' club work of said county, filed their petition with Joseph Gutzweiler, auditor of Dubois county. A copy of the petition is set out in the complaint. It is alleged in the complaint that the petition was presented to the board of commissioners and to the Dubois County Council requesting an appropriation as provided by statute; that the board of commissioners recommended to the defendants in their budget to said defendants, that the sum of $1,000 be appropriated for the Dubois County Fair Association; that the Dubois County Council refused and failed to make such appropriation; that there was and still is money in the general fund of the treasury of said county which could be legally appropriated for said purpose. The relator further alleged that he had no other adequate or legal remedy at law for relief, and that it was mandatory upon the part of the council to make such appropriation.

The appellant filed a demurrer to the complaint which was overruled by the court. Practically the only question presented in this appeal is the ruling on the demurrer.

If the petition was not signed by a requisite number of resident freeholders, then the demurrer should have been sustained. The complaint alleged that "the relator and sixty-one other citizens, who were freeholders and

voters of Dubois County, Indiana, and representing more than a majority of the townships of the county filed their petition with . . ." There are eight townships in Dubois county. The petition, a copy of which was made part of the complaint, shows that there were twenty signers from Patoka township, seven from Madison township, fifteen from Cass township, three from Bainbridge township, one from Columbia township, four from Jefferson township, six from Ferdinand township, and six from Jackson township.

The express provision of the statute says:

". . . and shall, upon petition of twenty-five or more citizens, who are also freeholders resident in each of a majority of the townships of the county . . ."

If this language means that there must be at least twenty-five resident freeholders from each township, then the demurrer should have been sustained, for the appellee makes no contention that the petition contained this number from each township. We do not see how the language can be construed to mean anything else. It was evidently the purpose of the act to prevent any one township imposing a fair on the county unless a substantial number of the citizens of a majority of the townships desired it. In the instant case, there are eight townships, five being a majority. If the petition contained twenty-one signers from one township and one each from the other four, this, according to the contention of appellees, would be sufficient. We do not think this is a proper construction to be given to the language of the statute; on the contrary, we think the language means that there must at least be twenty-five resident freeholders sign the petition from each township, and there must be a majority of the townships of the county with the requisite number of signers. In the instant case, it would have required at least one hundred and

twenty-five resident freeholders from at least five townships to have made the petition good. The complaint upon its face shows that there were only sixty-one resident freeholders who signed the petition.

The complaint was insufficient, and the court should have sustained the demurrer to the same.

Judgment reversed.